IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



UNITED STATES OF AMERICA,

    Plaintiff,

v.   Civil Action No. 4:17cv27

GREGORY A. SIMON,

    Defendant.

### OPINION & ORDER

This matter is before the Court pursuant to the United States of America's (the "Government's") second Motion for Default Judgment ("Motion"). Doc. 9. For the reasons stated herein, the Court **GRANTS** the Motion.

### I. BACKGROUND

**A. Facts**[1]

Defendant Gregory A. Simon ("Defendant") is a resident of Toano, Virginia, who filed tax returns for seven (7) years that reported tax deficiencies. Doc. 1. ("Compl.") ¶¶ 4–5. In accordance with his returns, the Government made the following assessments:

| Tax Period Ending | Assessment Date | Amount of Assessment |
|---|---|---|
| 12/31/2004 | 08/01/2005 | $13,597.00 |
| 12/31/2005 | 11/06/2006 | $33,588.00 |
| 12/31/2006 | 11/26/2007 | $8,314.00 |
| 12/31/2011 | 10/22/2012 | $2,181.00 |

---

[1] "[D]efendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]" Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

| 12/31/2012 | 09/14/2015 | $3,101.00 |
| 12/31/2013 | 09/14/2015 | $4,170.00 |
| 12/31/2014 | 11/16/2015 | $4,299.00 |

Id. ¶ 5. The Government also sent Defendant notices and demands for payment for those assessments. Id. ¶ 6. Defendant has failed to pay the balance on any of those assessments. Id. ¶ 7. As of February 27, 2017, his pending balance for all assessments was $80,362.25. Id. ¶ 9.

**B.    Procedural History**

The Government filed its Complaint in this Court on March 28, 2017. Compl. It requested the entry of default on June 2, 2017, and the Clerk entered default that same day. Doc. 4. The Government filed its Motion for Default Judgment on June 28, 2017. Doc. 5. On August 14, 2017, the Court DENIED the Motion under Federal Rule of Civil Procedure 55(b)(1) without prejudice to renewing it under Rule 55(b)(2). Doc. 7. The Government filed a renewed Motion for Default Judgment on September 26, 2017. Doc. 9.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. Subsection (a) calls for an entry of default when a party has failed to file a responsive pleading "or otherwise defend" the action within the applicable time limit. Fed. R. Civ. P. 55(a). The entry of default does not automatically entitle a party to a default judgement; rather, subsection (b) requires the Court take final action following entry of default by the Clerk. Fed. R. Civ. P. 55(b). The decision whether or not to grant a motion for default judgment rests with the sound discretion of the court. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). Further, "[D]efendant, by his default, admits the plaintiff's well-pleaded allegations of fact[.]" Ryan, 253 F.3d at 780 (quoting Nishimatsu Constr. Co., 515 F.2d at 1206). However,

the Court is still required to "determine whether the well-pleaded allegations in [the] complaint support the relief sought in this action." Id.

### III. ANALYSIS

#### A. Jurisdiction

In order for the Court to enter judgment, it must have subject matter jurisdiction. Federal courts have original jurisdiction over civil actions arising under federal laws providing for internal revenue and civil actions where the Government is the Plaintiff. 28 U.S.C. §§ 1340, 1345 (2017). The Government filed this suit, and it alleges failure to pay federal tax liabilities. Compl. ¶¶ 4–9. Accordingly, the Court **FINDS** that it has subject matter jurisdiction over the matter.

The Court must also have personal jurisdiction over the Defendants to enter judgment. Courts have personal jurisdiction over defendants who have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945), and who are subject to general jurisdiction in the courts of the forum state, see Fed. R. Civ. P. 4(k)(1)(a). In this suit, Defendant is a resident of Virginia who incurred the unpaid tax liabilities while living in Virginia. Compl. ¶¶ 2, 4. He was also served within Virginia. See Doc. 3. Thus, the Court **FINDS** that it has personal jurisdiction over Defendant because he is a resident of Virginia who incurred tax liabilities in Virginia.

Because Defendant resides in Toano, Virginia, and Toano is within the Eastern District, venue is also appropriate in this District. See 28 U.S.C. §§ 1391, 1396. Thus, the Court **FINDS** that it can properly enter judgment in this case because all jurisdictional requirements are satisfied.

3

B.  **Violations**

The one (1) count Complaint alleges a failure to fully pay individual income taxes for seven (7) years: 2004, 2005, 2006, 2011, 2012, 2013, and 2014. Compl. ¶ 7. Assessments from the Internal Revenue Service ("IRS") are entitled to "a legal presumption of correctness." United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002); see also, e.g., United States v. Register, 717 F. Supp. 2d 517, 522 (E.D. Va. 2010). Despite that presumption, such assessments are unenforceable in court after ten (10) years. See 26 U.S.C. § 6502(a)(1) (setting a ten (10) year statute of limitations). The statute of limitations is subject to tolling when the Secretary of the Treasury is prevented from recovering the amount owed through levy or court proceedings. See id. § 6503(a)(1).

The Government submitted the relevant assessment records along with a declaration from IRS Revenue Officer Valerie Watts ("Watts") certifying their accuracy and explaining their timeliness. See Docs 9-3 ("Watts. Decl."), 9-4 ("Assessment Tr."). Watts confirmed that two (2) tolling exceptions are applicable to the assessments for 2004, 2005, and 2006. See Watts Decl. ¶¶ 11–12. First, all three (3) were tolled while a request for an installment agreement was pending from September 12, 2008 through September 21, 2009. Id. ¶ 11; see also Assessment Tr. at 2, 5, 7. Such tolling also extends by law for thirty (30) days after the pendency of the installment agreement. See 26 U.S.C. § 6331(k)(2). Second, the 2004 assessment was tolled by a bankruptcy action pending between October 14, 2005 and January 16, 2006. Watts. Decl. ¶ 12;[2] see also Assessment Tr. at 2. Such tolling also extends by law for six (6) months after the pendency of the bankruptcy proceeding. See 26 U.S.C. 6503(h). As the Government correctly calculates, the tolling extends the statute of limitations for the 2004 assessment until June 9,

---
[2] Watts curiously states that the bankruptcy action is listed for all three (3) years, but the records do not confirm that statement. It appears to be simply an error in the declaration.

4

2017; for the 2005 assessment until December 15, 2017; and for the 2006 assessment until January 4, 2019. See Doc. 9-1 at 6–7. The Government filed the instant case on March 28, 2017. See Compl. Accordingly, the Court **FINDS** that Defendant failed to pay all seven (7) of the tax assessments outlined in the Complaint and that all seven (7) assessments are timely brought for collection in this Court.

Despite setting forth a proper claim, the moving party is not entitled to default judgment as a matter of right. See EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). When determining whether to grant a motion for default judgment, courts may consider the following:

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; . . . whether the grounds for default are clearly established or are in doubt . . . [;] how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Id. at 506 (quoting 10A Charles A. Wright & Arthur R. Miller, et al., Fed. Prac. & Proc. Civ § 3685 (3d ed.)) (internal quotations omitted).

The Complaint originally sought $80,362.25, and the Government now asks for $82,083.15 with the further accrued interest and penalties. Compare Compl. ¶ 9 with Doc. 9 at 2. The potential maximum award in this case is thus a significant amount of money. Nevertheless, other factors weigh in favor of default judgment: the default is not technical, as Defendant completely ignored the proceedings, and default is clearly established by his complete disregard of the case after service. Accordingly, the Court **FINDS** that the factors favor entry of default judgment here. Thus, the Court **GRANTS** Plaintiff's Motion, Doc. 9.

C.  **Relief**

The Government seeks three forms of relief: (1) $82,083.16 in damages for the liability as of September 22, 2017; (2) statutory fees, penalties, and interest that have accrued or will accrue on the tax debts at issue; and (3) the costs of this action. See Doc. 9-1 at 8–9; see also Compl. at 3. It also reargues the issue of whether the Clerk or the Court can enter this judgment. See Doc. 9-1 at 2–5.

This Motion is pursuant to Rule 55(b)(2), see Doc. 9, and the Court has only denied the Clerk's ability to enter judgments with statutory additions, not its own authority to enter such judgments, see Doc. 7. Furthermore, the Government only demonstrates how it would apply statutory additions, and nothing in the briefing changes the conclusion that "Rule 55(b)(1) is proper when the amount owed is calculable on the face of the documents presented to the Clerk such that no doubt remains as to the amount owed" but that Rule 55(b)(2) is otherwise the proper vehicle. See id. (citing Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 928 (9th Cir. 2004) (citing KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 n. 7 (1st Cir. 2003))). Because the Government asks for a Court finding despite its procedural protests and because the Court has authority to enter judgment in this case, the Court **GRANTS** $82,083.16 in damages, **GRANTS** statutory fees, penalties, and interest that accrue on the tax debts at issue after September 22, 2017; and **GRANTS** costs, subject to the Government's submission of a proper Bill of Costs.

IV.  **CONCLUSION**

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion, Doc. 9, **AWARDING** $82,083.16 in damages; statutory fees, penalties, and interest that accrue on the

tax debts at issue after September 22, 2017; and costs, subject to the Government's submission of a proper Bill of Costs.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 31, 2017